[No. 2321]

## MARGARET WADE, Appellant, *v.* BEN WADE, EMMA JONES, ALBERT WADE, and J. O. SESSIONS, as Administrator of the Estate of JAMES WADE, Deceased, Respondents.

[173 Pac. 553]

1. Divorce—Suits to Set Aside Decree—Complaint—Sufficiency. In a suit to set aside a divorce decree, a complaint alleging that the decree was void, because plaintiff therein was not a bona-fide resident of the county wherein the decree was granted, was insufficient, since under Stats. 1915, c. 28, relating to jurisdiction of divorce actions, jurisdiction might have been obtained on another ground than that of the residence of the plaintiff, and it was not alleged that jurisdiction was not dependent on such other grounds.

2. Divorce—Suits to Set Aside Decree—Complaint—Sufficiency. In a suit to set aside a decree of divorce, on the ground that it was obtained by a conspiracy between plaintiff's husband and her attorney, a complaint, alleging such conspiracy by way of conclusion merely, and failing to set out facts showing that by reason of such conspiracy the plaintiff was prevented from making her defense, is insufficient.

Appeal from Second Judicial District Court, Washoe County; *R. C. Stoddard*, Judge.

Suit by Margaret Wade against Ben Wade and others, to set aside a divorce decree. From a decree for defendants, plaintiff appeals. **Affirmed.**

*George Springmeyer*, for Appellant:

The complaint in the action states facts sufficient to constitute a cause of action. A good cause of action is stated where it is alleged that the attorney for plaintiff,

in collusion and conspiracy with the attorney for the defendant, fraudulently agreed to let judgment go against the plaintiff by consent, as the court did not have jurisdiction. (*Chadron Bank* v. *Anderson,* 48 Pac. 197.) "Under the allegations, appellants may not have shown proper diligence in failing to discover the fraud in two years, but it sufficiently appears that they were not chargeable with notice of the acts of their attorneys in time to have applied for a new trial at the term the judgment was rendered." (*Watson* v. *Texas R. Co.,* 73 S. W. 830.) "Where an attorney, in whom trust and confidence are reposed by a client, misleads the client by false statements, or by fraudulent concealment of material matters, the transaction will be annulled." (*McLeod* v. *Applegate,* 26 N. E. 830.)

*H. D. Danforth,* for Respondents:

The only question before this court is whether or not the complaint in the case states facts sufficient to constitute a cause of action. The complaint falls far short of stating such facts. The first alleged cause of action fails entirely to show a lack of jurisdiction in the lower court to hear and determine the divorce suit in question, and therefore entirely fails to state facts sufficient to constitute a cause of action. (Rev. Laws, 5838; *Tiedemann* v. *Tiedemann,* 36 Nev. 494, 137 Pac. 824.)

Even if it should be held that the first alleged cause of action is sufficiently stated as to the matter of jurisdiction, it must be alleged also that a meritorious defense exists to the action for divorce, and that the decree of divorce attacked is groundless or unjust. (23 Cyc. 994, 1031–1033.)

As a fundamental and elementary principle of law, in cases of this kind, and as stated in Ency. Pl. & Pr., vol. 2, p. 1192: "The bill must allege facts which constitute a legal defense to the original cause of action, and one of such a nature that it would be likely to change the result upon a new trial of the issues." (Freeman on Judgments, sec. 498, p. 874.)

By the Court, COLEMAN, J.:

Margaret Wade brought suit in the district court of Washoe County to set aside a decree of divorce theretofore entered against her and in favor of her husband, James Wade. In her complaint she joined the administrator of the estate of her deceased husband (he having died after the decree of divorce had been entered) and the three children of the deceased. When the case was called for trial counsel for defendants objected to the introduction of any testimony in behalf of the plaintiff, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained by the court, and an order was entered dismissing the action. The sole question urged for our consideration is that the complaint states a cause of action, and hence the court erred.

1. Two theories are urged to sustain the assertion that the complaint is good. It is first insisted that, as it is alleged that James Wade was not a bona-fide resident of Washoe County, Nevada, at the time he brought the divorce action, the complaint contained a sufficient showing to sustain the contention that the court had no jurisdiction in the divorce proceedings, and hence the decree of divorce is null and void. We are unable to agree with this contention. The section of our statute upon which this question turns reads as follows:

"Divorce from the bonds of matrimony may be obtained, by complaint under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided six months before suit be brought. * * * " (Stats. 1915, p. 26, sec. 1.)

From a reading of this section, it is apparent that the district court of a county may acquire jurisdiction of divorce actions, as said in *Tiedemann* v. *Tiedemann*, 36 Nev. 494, 137 Pac. 824:

"When either of five different states of fact is shown to exist, to wit: (a) In which the cause therefor shall have accrued; (b) in which the defendant shall reside; (c) in which the defendant shall be found; (d) in which the plaintiff shall reside and the parties last cohabited; (e) in which the plaintiff shall have resided six months before the suit was brought"

—subject, however, to the objection that collusion between the parties existed, as pointed out in the Tiedemann case. It nowhere appears from the complaint in the case at bar that Margaret Wade, the plaintiff, who was the defendant in the divorce suit, was not a resident of Washoe County, and was not found and served with a summons therein in the divorce action. Of course, where residence on the part of the plaintiff is relied upon to give the court jurisdiction, such residence, in good faith, must be shown to exist; but under our statute the jurisdiction of the court may be made to depend upon other facts; and, as it is not shown by the allegations of the complaint that the jurisdiction of the court in the divorce action was not dependent upon some other fact than the residence of the plaintiff, James Wade, the complaint in this action failed to state a cause of action.

2. But it is said that, conceding that the contention that the court in the divorce action was without jurisdiction is without merit, the judgment should be reversed for the reason that the complaint is good, in that it charges a conspiracy on the part of James Wade, the plaintiff in the divorce action, and the attorney who acted for appellant in that action, to prevent appellant from making her defense in that suit, and that pursuant to that conspiracy the plaintiff in this suit was prevented from making her defense in the divorce suit. That portion of the complaint which undertakes to allege such conspiracy charges:

"On information and belief that said James Wade and one ——, an attorney at law of Reno, Nevada, entered

into a fraudulent and collusive arrangement, whereby said attorney was to obtain authority from said Margaret Wade to act as her attorney in said divorce suit and was to fail to make proper defense to the suit and permit said plaintiff, James Wade, now deceased, to obtain a decree as sought in his complaint; that in pursuance of said fraudulent and collusive agreement between said attorney and said James Wade, now deceased, said attorney, on November 15, 1915, wrote this plaintiff at Port Ontario, New York, advising her that her husband, James Wade, had brought a divorce suit against her in the district court of Washoe County, State of Nevada, and offering her his services as an attorney in said case, free of charge, although the said attorney had not been asked for advice or opinion by said Margaret Wade, or by any one acting for her or in her behalf; .that said attorney fraudulently conducted the defense of the defendant Margaret Wade, in the case of James Wade, plaintiff, v. Margaret Wade, defendant, in the Second judicial district court of the State of Nevada, in and for Washoe County, in this, that he did not in good faith present defendant's case to the court, and did not arrange for the appearance in court of defendant nor give her an opportunity to testify personally in court; that he misrepresented to the said defendant and to her attorney, Freelon J. Davis, of Pulaski, Oswego County, New York, the situation with regard to the divorce and what should be done or not done; that he connived and acted in collusion with the said James Wade, now deceased, for the obtaining of the said decree of divorce, and that he suppressed material evidence on behalf of this plaintiff, who was defendant in said divorce proceedings, and neglected, failed, and refused to present the motion for a new trial and take an appeal from the judgment of the court in said case, although he was expressly instructed to do so by the said defendant and by her said attorney, Freelon J. Davis, and although he advised the said defendant and the said

Freelon J. Davis that the defendant's rights on motion for a new trial and on appeal were fully protected by him, and that all necessary steps regarding.the motion for a new trial and on appeal had been taken by him; that in pursuance of said fraudulent and collusive agreement, said attorney has failed to account to Margaret Wade, defendant in the said case of James Wade v. Margaret Wade, brought in the Second judicial district court of the State of Nevada, in and for Washoe County, or to her attorney, Freelon J. Davis, for $50 deposited and paid by the plaintiff for depositions in said action taken in the State of New York, and for various sums ˙of alimony paid by the plaintiff to the said attorney, and by him to be paid to the said defendant, or to her attorney, Freelon J. Davis; that this plaintiff acted in reliance upon the advice given by said attorney, and fully trusted and believed him, and if she had been properly represented and had been able to present her case before the court in proper fashion, and if she had received the necessary funds to travel from her home in Port Ontario, N. Y., to the city of Reno, Nevada, to testify in person in said case, a decree of divorce would not have been granted the plaintiff; that it was solely on account of the said fraudulent and collusive agreement between the said attorney and said James Wade and of the advice of said attorney that this plaintiff was prevented from coming to Reno to testify in person in said divorce proceedings; that this plaintiff is informed and believes, and therefore on such information and belief alleges the fact to be, that if due diligence had been taken for the prosecution and protection of her rights on motion for a new trial and on appeal, the said decree of divorce would have been set aside and reversed by the Supreme Court of the State of Nevada; that the plaintiff herein, defendant in said divorce proceedings, authorized and directed said attorney to make a motion for a new trial in said case, and to take an appeal therein, and he informed her that he was doing so, but that he did not take the proper

or necessary steps, and on that account she lost her right of motion for a new trial and her right of appeal."

We do not think a cause of action is alleged in the complaint in the case at bar. That a cause of action be alleged, it is not only necessary that facts be pleaded showing a conspiracy, but in addition thereto facts must be pleaded showing that pursuant to such conspiracy plaintiff was in fact prevented from making her defense in the divorce action. It is a universal rule under the code system of pleading that facts must be alleged, and not conclusions, and there is no exception to the rule in this kind of a case. (15 R. C. L. sec. 220, p. 768.) Conceding, for the purposes of the case, that a conspiracy is sufficiently pleaded, there is no allegation of facts showing that pursuant to such conspiracy the plaintiff was prevented from making her defense. The statements in the complaint whereby it is sought to allege facts showing that the plaintiff was prevented from making her defense because of such conspiracy are:

"That he (the attorney) suppressed material evidence on behalf of this plaintiff, who was defendant in said divorce proceedings. * * * That if she had been properly represented and had been able to present her case before the court in proper fashion, and if she had received the necessary funds to travel from her home in Port Ontario, N. Y., to the city of Reno, Nevada, to testify in person in said cause, a decree of divorce would not have been granted to the plaintiff. * * * That it was solely on account of the said fraudulent and collusive agreement between said attorney and said James Wade and of the advice of the said attorney that this plaintiff was prevented from coming to Reno to testify in person in said divorce proceeding."

These are all mere statements of conclusions. It takes no analysis of them to show that they fall far short of allegations of fact. To say that material evidence was suppressed contains two conclusions: (1) That of suppression; and (2) that the evidence was material. If

the facts were alleged, the court might conclude that the evidence in question was not material, and that it was not suppressed. To say that it was solely on account of a fraudulent and collusive agreement that plaintiff was prevented from coming to Reno to testify is equally bad. The other statement, to the effect that plaintiff would not have been granted a divorce could plaintiff have testified in person, does not deserve to be raised to the dignity of a conclusion. It would be safer to say that it is a guess at what the jury and court would have done in case of her presence.

Of course, if there were sufficient allegations in the complaint to constitute a cause of action, notwithstanding the presence of the bad ones, the complaint would be good; but such is not the fact.

Being of the opinion that the complaint fails to state a cause of action, it is ordered that the judgment appealed from be affirmed.